Daniel J. Wadley (Utah State Bar No. 10358)
wadleyd@sec.gov
Thomas M. Melton (Utah State Bar No. 4999)
meltont@sec.gov
William B. McKean (Utah State Bar No. 4883)
mckeanw@sec.gov
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Telephone:  801-524-5796
*Attorneys for Plaintiff*
*Securities & Exchange Commission*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** <br><br> **PLAINTIFF,** <br><br> v. <br><br> **RKC CAPITAL MANAGEMENT, LLC, a Delaware Limited Liability Company; RKC CAPITAL, LLC, a Utah Limited Liability Company; and RUSSELL K. CANNON,** <br><br> **DEFENDANTS.** | Civil No. 2:12-cv-00408-EJF <br><br> Magistrate Judge Evelyn J. Furse |

**FINAL JUDGMENT AS TO DEFENDANTS RUSSELL K. CANNON, RKC CAPITAL MANAGEMENT, LLC, AND RKC CAPITAL, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendants Russell K. Cannon, RKC Capital Management, LLC, and RKC Capital, LLC (collectively "Defendants") having entered a general appearance; consented to the Court's jurisdiction over Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or

by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(1), (2) and (4) of the Investment Advisers Act of 1940 [15 U.S.C. § 80b-6(1), (2) and (4)], and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    (a)    engaging in any act, practice, or course of business which is fraudulent, deceptive, manipulative; or

    (b)    making any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or otherwise engaging in any act, practice, or course of

business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Russell K. Cannon ("Cannon") is liable for disgorgement of $21,299.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,549.63 and a civil penalty in the amount of $75,000.00 pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act, and Section 209(3) of the Investment Advisers Act. Cannon shall satisfy this obligation by paying $97,848.63 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Cannon may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Cannon may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Russell K. Cannon as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Cannon shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment, Cannon relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Cannon.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. In such event, Cannon shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DATED this the 26th day of April, 2013.

BY THE COURT:

_____
Evelyn J. Furse
United States Magistrate Judge