**J. MICHAEL COOMBS, ESQ. (#3639)**
**MABEY & COOMBS, L.C.**
**3098 South Highland Drive, Suite 323**
**Salt Lake City, Utah 84106-6001**
**Direct Telephone:  (801) 467-2779**
**Facsimile:  (801) 467-3256**
**E-mail:  jmcoombs@sisna.com**

**ATTORNEYS FOR RUSSELL K. CANNON**

_____

**UNITED STATES DISTRICT COURT IN AND FOR THE**

**DISTRICT OF UTAH, CENTRAL DIVISION**

_____

| | |
|---|---|
| **SECURITES AND EXCHANGE COMMISSION,**<br><br>      Plaintiff,<br><br>     v.<br><br>**RKC CAPITAL MANAGEMENT, LLC, a Delaware limited liability company; RKC CAPITAL, LLC, a Utah limited liability company; and RUSSELL K. CANNON,**<br><br>      Defendants,<br><br>**And DPD Advisors, Inc.,**<br><br>      Garnishee. | **DEFENDANT RUSSELL K. CANNON'S OBJECTION TO WRIT OF GARNISHMENT SERVED ON DPD ADVISORS AND REQUEST FOR HEARING**<br><br><br>**Case No.: 2:12-cv-00408-EJF**<br><br>**Magistrate Judge Ellen Furse**<br><br>**Hearing Requested** |

_____

Defendant Russell K. Cannon ("Cannon"), by and through counsel, and pursuant to 28 U.S.C. § 3205(c)(10), hereby lodges his strenuous objection to the Writ of Garnishment issued by the Court on October 30, 2013, against DPD Advisors, Inc. ("DPD Advisors"), garnishee, a writ that was issued in a sealed manner, *ex parte* and

without adequate consideration of the facts.  This Objection is timely in that 20 days have not expired since Cannon received the Answer of Garnishee, all as contemplated in  28 U.S.C. § 3205(c)(5).  This Objection is supported by the Declarations of Russell K. Cannon and Lisa Cannon filed in support of Defendant RKC Capital, LLC's separate motion to quash the writ of garnishment served on DPD Advisors.

## OBJECTION

On or after November 15, 2013, Cannon received a copy of Garnishee's Answer to the subject Writ of Garnishment.  If the Plaintiff, SEC, will not withdraw the writ, Cannon respectfully requests a hearing on his objections under 28 U.S.C. § 3205(c)(5), which include but are not limited to the following:

### Point I—THE WRIT ERRONEOUSLY GARNISHES PROPERY OF A PERSON AGAINST WHOM THE COMMISSION HAS NO MONEY JUDGMENT.

The Writ of Garnishment seeks to glom onto property belonging to, or potentially belonging to, another defendant in this matter, namely, RKC Capital, LLC, a defendant that is not subject to Plaintiff's money judgment entered in this action last April against Cannon.  In fact, the Plaintiff, SEC, has no money judgment against the Defendant, RKC Capital, LLC, at all.  *See* Docket Entry No. 19 filed on April 26, 2013, the Final Judgment entered in this action.  The garnishment of money potentially payable or belonging to a person over whom the Plaintiff SEC lacks a money judgment is without lawful basis whatsoever.  The Plaintiff, SEC, has obviously misread its own judgment and who that money judgment is against.  Had it read the judgment, we can only assume that it would not have sought issuance of a writ of garnishment to be served on DPD Advisors, let alone a sealed writ that Cannon was prohibited from accessing on PACER through his attorney.

2

**Point II**—ASSUMING THE WRIT WERE ISSUED AGAINST A PROPER JUDGMENT DEBTOR—WHICH IT ISN'T—THE WRIT MAKES NO EFFORT TO COMPLY WITH STATE LAW RESTRICTIONS ON THE AMOUNT OF INCOME THAT CAN BE GARNISHED FROM CANNON.

Notwithstanding the fact that DPD Advisors owes no money to Cannon, if Garnishee, DPD Advisors, is somehow ordered to pay any money to Cannon—something which would have no legal precedence—all such money would constitute wages, commissions or earned income of Cannon and garnishment of such money would be limited to 25% of the net amount *after* employment taxes and other withholdings on such money.  *See* the State of Utah garnishment rule, Rule 64D(a)(1), *Utah R. Civ. Pro.* (limiting writ to, among other things, 25% of the defendant's disposable earnings).  This again is not something the Plaintiff SEC apparently sought to investigate or check out.

**Point III**—ASSUMING THE WRIT WERE ISSUED AGAINST A PROPER JUDGMENT DEBTOR—WHICH IT ISN'T—THE WRIT, IF ALLOWED TO STAND, WOULD RENDER CANNON AND HIS FAMILY DESTITUTE.

Any garnishment of money payable to Cannon would invade and take the only reliable source of support for Cannon's wife and his 5 minor children and would subject them to unbearable and excruciating financial hardship, including loss of home and shelter, not to mention becoming destitute as a family.  Cannon does not believe that the Court would want Cannon and his family to go on welfare, a federal or state utilities allowance, Food Stamps, and Medicaid, to name a few of the government's sustenance options and alternatives.

That the Plaintiff is overreaching in this matter is further evidenced by the fact that the Plaintiff, SEC, even went so far as to serve a Subpoena on Cannon's expert

3

witness in this case, Sage Forensic Accounting, in early November, a witness that had been retained probably as long as 2 years ago in this matter solely to calculate the possible extent of any disgorgement remedy.  Obviously, such expert witness, hired by Cannon solely for such purpose, holds no money or other assets belonging to Cannon and never did.  This additional example of overreach and misunderstanding by the SEC's Washington office illustrates that the Commission's collection efforts have been made without a proper or reasonable investigation of the law or the facts, let alone an understanding of the limits and nature of the money judgment entered in this action.

## **CONCLUSION**

The Court should quash the writ of garnishment under 28 U.S.C. § 3205(c)(10), which expressly provides for such remedy.  Because of the Commission's error and overreach and the fact that filing this Objection should not have been necessary had the SEC taken the time to determine those against whom its money judgment applies, Cannon prays for reimbursement of all his costs and attorney's fees incurred for having to lodge this Objection.  He also prays for a hearing on this Objection if the Plaintiff SEC will not voluntarily withdraw and extinguish the writ without further delay.

DATED this 5th day of December, 2013.

                                            Respectfully submitted,
                                            MABEY & COOMBS, L.C.

                                            _____s/_____
                                            J. Michael Coombs
                                            Attorneys for Russell K. Cannon

## CERTIFICATE OF SERVICE

The undersigned also hereby certifies that on this 5th day of December, 2013, (s)he served, electronically, via the court ECF system as indicated below, to those counsel having email addresses on the system and in this case, the foregoing **DEFENDANT RUSSELL K. CANNON'S OBJECTION TO WRIT OF GARNISHMENT SERVED ON DPD ADVISORS AND REQUEST FOR HEARING**, including this **CERTIFICATE OF SERVICE** to:

Daniel J. Wadley
wadleyd@sec.gov

Thomas M. Melton
meltont@sec.gov

William B. McKean
mckeanw@sec.gov

Christy J. White
whitechr@sec.gov

Mark A. Larsen
mlarsen@larsenrico.com

and, via US regular mail, to:

DPD Advisors, Inc.
Attn: William James Dishman, Registered Agent
2795 East Cottonwood Parkway, Suite 600
Salt Lake City, Utah 84121

    s/ J. Michael Coombs
    J. Michael Coombs